# Jackson v. Sheffield.

*Petition by Widow for Allotment of Homestead.*

1. *Homestead should be allotted to widow notwithstanding liens against it.*—Where the widow petitions the probate court for the allotment of

[Jackson v. Sheffield.]

a homestead from the lands of her deceased husband, which is resisted by creditors of the husband with liens upon the land, the probate court has no jurisdiction to take cognizance of or adjudicate upon such liens, and the latter, though superior to the widows' homestead right, furnish no reason why the homestead should not be allotted, since it would still remain subject to the liens notwithstanding the allotment.

APPEAL from the Probate Court of Marshall.

Tried before J. L. BURKE, Esq., Special Judge.

The appellee, Mary A. Sheffield, filed her petition in the probate court of Marshall county, praying for the allotment to her of a homestead in the lands of her deceased husband. Upon the filing of the petition the court appointed commissioners to allot and set apart a homestead to the petitioner, and upon the coming in of their report setting apart and allotting to her the land described in the petition as a homestead, the appellant, James L. Jackson, filed his several exceptions to the allotment of the homestead to the said Mary A. Sheffield. Said Jackson alleged in his exceptions that he was a judgment creditor of the said James L. Sheffield, deceased, and assigned as grounds of his several exceptions (1) that the said homestead cannot be assigned in property covered by a lien; (2) that he, as a judgment creditor, had filed his judgment in the probate court of the county, which was therefore a lien on all the property formerly owned by the said James L. Sheffield; (3) that, at the time of the allotment by the commissioners, there had been levied on said lands by the sheriff an execution, which had been regularly issued on his judgment against the said James L. Sheffield; and (4) that said allotment was not made in subordination to the rights of said Jackson, as such judgment creditor of James L. Sheffield. The petitioner moved the court to strike the exceptions of Jackson from the files of the court, on the ground that they constituted no ground for setting aside the allotment made by the commissioners. Upon the hearing of this motion, the court granted the same, and ordered the exceptions of said Jackson stricken from the files. Jackson prosecutes the present appeal, and assigns as error the ruling of the court in striking his exceptions from the files of the court.

LUSK & BELL for the appellant.—It is evident that a

creditor is included in the words "or other person in interest" in Code § 2554.

It was the duty of the court to order the making up of an issue as provided by Code § 2554 and in overruling appellant's motion in 3rd. assignment of error the court erred.

The court should have set aside the report of the commissioners or have at least decreed the said property as exempt to the appellee subject to the lien of appellant. Acts, 1886–7, p. 112

The court by allotment of homestead could not cut off the rights appellant had acquired by his judgment and lien.    Code § 2894.    Acts. 1886–7. p. 99.

O. D. STREET for the appellee.—The ruling of the court in striking appellants objections from the file is not properly presented by this record.    It should be shown by the record proper and not by the bill of exceptions.-- Code §3648.    *Powell v. Henry*, II So. Rep. 311.    3 Brick. Dig. p. 78, § 7.

Appellant could not propound his interest in the premises claimed as homestead and in such a proceeding at this try the validity or priority of his alleged lien or title.—*Coffey v. Joseph*, 74 Ala. 271 ; *Cox v. Bridges*, 84 Ala. 553.

HEAD, J.—It is very clear that the probate court was without authority or jurisdiction to take cognizance of, and adjudicate, such a demand as the appellant propounded in this case.    If it be conceded that he had a judgment lien upon the land superior to the homestead right of the widow, that furnished no reason why the land should not be allotted as a homestead, for it would still remain subject to the lien notwithstanding the allotment.    For aught the probate court could know, or had any jurisdiction to ascertain, the land allotted was worth largely more than the judgment debt; or there may have been other liens of equal or paramount right to the appellant's.    Shall these liens deprive the widow of an allottment of homestead, whereby her rights, as against the heirs and administrator, may be understood and enjoyed?    If a lien for $150 bars the right of allotment, a lien for one dollar possesses the same potency. Manifestly the probate court is no place to enter upon

[Lytle *et al.* v Bowdon.]

such inquiries. Suppose a half dozen alleged lien holders had intervened, and, disputing priority of right among themselves, had objected to the allotment, or asked that it be made subject to their priorities, could it be contended that the probate court was invested with jurisdiction, in such a proceeding, to settle such rights? That it has no such jurisdiction is too plain for serious controversy. The judgment of the probate court is affirmed.